IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv108-MHT |
| | ) | |
| TERRY MITCHELL | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 27, 2006, movant Terry Mitchell ("Mitchell") filed a pleading styled as a "Motion to Preserve *Booker* Claims under *Dodd*." (Doc. # 1). Mitchell challenges the prison sentence imposed on him in 1995 following his conviction for engaging in a continuing criminal enterprise, possession with intent to distribute cocaine, aiding and abetting the possession with intent to distribute cocaine and possession of a firearm. For the reasons which follow, the court concludes that Mitchell is entitled to no relief.

**DISCUSSION**

Mitchell contends that because he was sentenced pursuant to mandatory sentencing guidelines, his sentence was enhanced by facts not found by a jury, and consequently, his sentence violates the recent holding in *United States v. Booker*, 543 U.S. 220 (2005). It is clear that Mitchell's claim directly attacks the fundamental validity of his sentence.

The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131,

1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979).[1] The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision. . . ." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Mitchell seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. Thus, this court construes his present pleading as a *motion to vacate, set aside, or correct*

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*sentence under 28 U.S.C. § 2255.* This is the second § 2255 motion filed by Mitchell attacking his 1995 sentence. This court denied his initial § 2255 motion, filed on February 22, 2000, deciding all claims adversely to him. *See United States v. Mitchell*, Case No. 2:94cr62-MHT - Doc. # 1617 - *May 20, 2003 Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of June 9, 2003, Doc. # 1625).

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See*

---

[2] Mitchell asserts that the holding in *Booker* will be applied retroactively to his case. *See Motion* (Doc. # 1 at 3, ¶ 4). However, the Eleventh Circuit has held that *Booker* does not apply retroactively to cases that became final before *Booker* was decided. *See Varela v. United States,* 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications). A review of the record clearly demonstrates that Mitchell's conviction became final well before *Booker* was decided. Thus, in addition to the "successive motion" bar on which this Recommendation is based, Mitchell cannot prevail on the merits of his substantive claims.

Mitchell also cites, without elaboration, the recent Supreme Court case of *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478 (2005). (Doc. # 1). In *Dodd*, the Supreme Court stated that a petitioner has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file a § 2255 motion pursuant to ¶ 6(3) of that statute. *See Dodd*, 545 U.S. at ___, 125 S.Ct. at 2482. However, the Supreme Court held that a petitioner cannot take advantage of this date unless the other conditions of this statute are also met; i.e., the right must be newly recognized *and* must have been made retroactively applicable to cases on collateral review. *Id*. Thus, any reliance by Mitchell on *Dodd* is misplaced, as *Booker* is not retroactively applicable to cases on collateral review. *See Varela, supra; In re Anderson, supra.*

28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Mitchell has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Mitchell's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for relief filed by defendant Mitchell be denied as the claims presented therein entitle him to no relief. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **JUNE 7, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of May, 2006.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE